## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer A. Lis | CHAPTER 13 |
| _____Debtor_____ | |
| MIDFIRST BANK | |
| _____Movant_____ | |
| vs. | NO. 20-12224 AMC |
| Jennifer A. Lis | |
| _____Debtor_____ | |
| Mark Gowland | 11 U.S.C. Sections 362 and 1301 |
| _____Co-Debtor_____ | |
| William C. Miller, Esquire | |
| _____Trustee_____ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,109.39** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | January 2021 to March 2021 at $958.67/month |
| Fees & Costs Relating to Motion: | $1,038.00 |
| Late Charges" | $153.36 |
| Suspense Balance: | $957.98 |
| **Total Post-Petition Arrears** | **$3,109.39** |

2.    The Debtor shall cure said arrearages in the following manner:

a).    Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,109.39.**

b).    Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,109.39** along with the pre-petition arrears;

c).    The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.    Beginning with the payment due April 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $958.67 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.   Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.   In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.   If the case is converted to Chapter 7, Movant shall  file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.   If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.   The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.   The parties agree that a facsimile signature shall be considered an original signature.


Date:    March 29, 2021            By: /s/ Rebecca A. Solarz, Esquire
                                   Attorney for Movant

Date: 3/31/21                      Brad J. Sadek, Esquire
                                   Attorney for Debtors

Date: April 1, 2021                /s/ Jack Miller, Esquire, for*         *No objection to its
                                   William C. Miller, Esquire              terms, without
                                   Chapter 13 Trustee                      prejudice to any of our
                                                                          rights and remedies

Approved by the Court this _____ day of _____, 2021.  However, the court
retains discretion regarding entry of any further order.


Date: April 5, 2021                Bankruptcy Judge
                                   Ashely M. Chan